IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WINGROVE WALWYN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3848 |
| | § | |
| PRECISION TUBE TECHNOLOGY, | § | |
|     Defendant. | § | |

**MEMORANDUM AND ORDER**

This is an employment discrimination case brought by *pro se* Plaintiff Wingrove Walwyn ("Plaintiff") against his former employer, Defendant Precision Tube Technology, LP ("Precision Tube"). Pending before the Court is a Motion to Dismiss [Doc. # 7] with supporting Memorandum [Doc. # 8] ("Motion"), to which Plaintiff has filed a Response [Doc. # 23]. Based on the Court's review of the record in this case and the application of governing legal authorities, the Court denies the Motion.

**I.      FACTUAL ALLEGATIONS**

Plaintiff, an African-American, filed a discrimination charge ("EEOC Charge") against Precision Tube with the Equal Employment Opportunity Commission ("EEOC") on May 13, 2004. Plaintiff contended in the EEOC Charge that he was

subjected to discrimination because of his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").[1]

In his Original Complaint, Plaintiff alleges he received a notice of his right to sue on the EEOC Charge ("Right to Sue Notice") from the EEOC on December 30, 2004.[2] The Right to Sue Notice advised Plaintiff: "Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice;** or your right to sue based on this charge will be lost."[3] On March 18, 2005, Plaintiff filed the Original Complaint and an application for leave to proceed *in forma pauperis* ("IFP Application") with the District Clerk of this Court. The IFP Application was docketed as Miscellaneous Case No. H-05-00095 and was assigned to Judge Melinda Harmon. In an Order dated April 14, 2005, Judge Harmon granted the IFP Application. The District Clerk opened this civil action with the docketing of the Original Complaint on April 14, 2005.

Plaintiff alleges in his Original Complaint that he was terminated, harassed, and subjected to disparate treatment because of his race in violation of Title VII.[4] Precision Tube filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure

---

[1] EEOC Charge 330-2004-04229, Unmarked Exhibit to Original Complaint.

[2] Original Complaint, ¶ 4.

[3] *See* Right to Sue Notice, Unmarked Exhibit to Original Complaint (emphasis as in original).

[4] Original Complaint, ¶ 6.

12(b)(6), contending that this action is untimely. The Motion to Dismiss is ripe for decision.

## II.     LEGAL STANDARDS

### A.     Standard for Rule 12(b)(6) Motion to Dismiss

A district court may dismiss a complaint under Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts consistent with his factual allegations which would entitle him to the requested relief. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). Thus, the Court must determine whether the complaint states any valid claim for relief in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Manguno*, 276 F.3d at 725. In addition, complaints filed by *pro se* litigants are held to less stringent standards than are formal pleadings drafted by attorneys. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). However, regardless of whether a plaintiff is represented by counsel, conclusory allegations or legal conclusions set forth as factual conclusions will not prevent dismissal. *Id*. Statements that merely create a suspicion that the plaintiff may have a right of action do not foreclose a motion to dismiss. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins*, 224 F.3d at 498. In addition, "documents whose contents are alleged in a complaint and whose authenticity no party questions" may be considered on a motion to dismiss. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996).

### B.     Ninety-Day Requirement for Filing Complaint

Under Title VII, claimants have ninety days to file a civil action after receiving a right to sue notice from the EEOC. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Nilsen v. City of Moss Point, Miss.,* 674 F.2d 379, 381 (5th Cir. 1982)); *see also* 42 U.S.C. § 2000e-5(f)(1). This ninety-day limitations period is strictly construed. *Taylor*, 296 F.3d at 379 (citation omitted). "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Id.* (citing *Butler v. Orleans Parish Sch. Bd.*, Civ. A. 00-0845, 2001 WL 1135616. at *3 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the 90-day period)).

The filing requirements of Title VII, however, are not jurisdictional prerequisites to bringing suit in federal court but are more akin to statutes of limitation and, therefore,

are subject to the doctrines of waiver, estoppel, and equitable tolling. *See Underwood v. Wilson*, 151 F.3d 292, 294 (5th Cir. 1998) (citing *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982)). Although the ninety-day filing requirement is not jurisdictional, "it is a 'precondition to filing suit in district court.'" *See Taylor*, 296 F.3d at 379 (quoting *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)).

### III.   ANALYSIS

Precision Tube moves to dismiss Plaintiff's Title VII claims pursuant to Federal Rule of Civil Procedure 12(b)(6) as untimely. Plaintiff filed the EEOC Charge on May 13, 2004. He received the Right to Sue Notice on December 30, 2004. Plaintiff had ninety days to file a lawsuit based on the Title VII violations alleged in the EEOC Charge. *See Taylor*, 296 F.3d at 379; 42 U.S.C. § 2000e-5(f)(1). Plaintiff's deadline to sue was March 30, 2005. *See id.*

Precision Tube contends Plaintiff did not "file" his lawsuit until April 14, 2005—fifteen days past the deadline. Plaintiff argues the lawsuit is timely because he filed the Original Complaint with the IFP Application on March 18, 2005—twelve days before the deadline.

The Court deems this lawsuit filed when Plaintiff filed the Original Complaint with the IFP Application on March 18, 2005. To hold otherwise would be unjust. Plaintiff filed the Original Complaint within the statutory time frame—he had no control

over the timing of Judge Harmon's ruling on the IFP Application that accompanied his Complaint. Nor could Plaintiff control the timing of the District Clerk's subsequent docketing of the Original Complaint. Plaintiff's Title VII claims accordingly were filed timely and dismissal of this lawsuit is not warranted.

## IV.   CONCLUSION AND ORDER

For the reasons stated above, Precision Tube is not entitled to dismissal of this lawsuit. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss [Doc. # 7] filed by Precision Tube Technology, LP is **DENIED**.

**SIGNED** at Houston, Texas, this **1st** day of **May, 2006.**

_____
Nancy F. Atlas
United States District Judge